SCHOOL DISTRICT No. 5 OF THE TOWNSHIP OF DELHI v. THE CIRCUIT JUDGE FOR INGHAM COUNTY.

*Condemnation of school-house site—Mandamus.*

Mandamus will not lie to compel a circuit judge to overrule his finding that the proceedings taken for the condemnation of a site for a school-house were irregular, and to compel him to enter judgment for the amount found due.

MANDAMUS. Submitted Oct. 12. Decided Oct. 31.

*S. L. Kilbourne* for relator.

*Edward Cahill* for respondent. Mandamus is allowed only to set an inferior jurisdiction in motion, and not for the purpose of requiring it to come to any particular conclusion, or to retrace its steps when it has already acted : *People v. Branch Circuit Judge* 1 Doug. (Mich.) 319 ; *People v. Wayne Circuit Judge* 1 Mich. 359 ; *People v. State Prison Inspector* 4 Mich. 187 ; *People v. Auditor General* 3 Mich. 427 ; *People v. Judge of Probate* 16 Mich. 204 ; *People v. Branch Circuit Judge* 17 Mich. 67 ; it does not lie to review judicial errors : *Mabley v. Judge of Superior Court* 32 Mich. 190 ; *Wiley v. Allegan Circuit Judge* 29 Mich. 487 ; *O'Brien v. Tallman* 36 Mich. 13.

GRAVES, C. J. The relator prosecuted proceedings before a circuit court commissioner to condemn the land of one Everett for a school-house site, and the jury summoned to make the inquiry certified that the using of such real estate for the purpose of a school-house site for the district was a necessity and a necessary public use, and that they had ascertained and determined that the just compensation to be made by the district was sixty dollars.

The proceedings were filed in the circuit court, and the district moved that judgment be entered against it for the sum specified in the certificate of the jury. Chapter VIII

of Pub. Acts, No. 164 of the Laws of 1881.   The land-owner, Everett, opposed it, and contended that in several important particulars the proceedings had been erroneous, and the circuit judge upon a full hearing and investigation found that the proceedings had been irregular and that the judgment asked for and the proceedings provided to flow from it ought not to be allowed, and he ruled against rendering the judgment.   Thereupon the relator prayed a mandamus requiring the circuit judge to enter said judgment and take such further action as would enable the district to appropriate the land in question.   An order to show cause was entered and the circuit judge in answer sets up in the first place that his action herein is not controllable by mandamus, and in the second place that there was such want of regularity, which he specifies, as to preclude him from allowing a judgment to be entered without a violation of the statute.   § 7 of said chapter VIII.

We are satisfied that having refused to allow judgment on his finding of the existence of such irregularities as forbade it, it is not proper to intervene by mandamus to compel a revocation of his ruling and the entry of a judgment.   This Court has not been commissioned to render judgment against a district for the sum certified by a jury in these cases, and cannot do it.   Yet were it to compel the circuit court by mandamus to overrule its finding against giving judgment and to render a judgment as suggested, it would be a virtual giving of judgment by this tribunal and of course an excess of authority.

I think the writ should be denied with costs.

The other Justices concurred.